UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────

ANTOINE L. PARRIS,

                    Plaintiff,             12 Civ. 1849 (JGK)

        - against -               MEMORANDUM OPINION
                                        AND ORDER

NEW YORK STATE DEPARTMENT
CORRECTIONAL SERVICES, ET AL.,

                    Defendants.
─────────────────────────────────────

JOHN G. KOELTL, District Judge:

    The plaintiff, Antoine Parris, brings this pro se action

pursuant to 42 U.S.C. § 1983 against the following defendants:

Commissioner Brian Fischer, Superintendant William Lee, and

Deputy Superintendant Edward Burnett.[1]  The defendants are

employees of the New York State Department of Corrections and

Community Supervision ("DOCCS").  The plaintiff alleges that the

defendants failed to prevent another inmate from stabbing him in

violation of the Eighth Amendment and state law.  The defendants

have filed a motion to dismiss for failure to state a claim

pursuant to Rule 12(b)(6) of the Federal Rules of Civil

---

[1] The plaintiff also sued the New York State Department of
Corrections and Community Supervision.  That claim was
dismissed.  See Parris v. N.Y. State Dep't Corr. Servs., No. 12
Civ. 1849 (S.D.N.Y. Mar. 26, 2012) (order pursuant to 28 U.S.C.
§ 1915(e)(2)(B)(iii) dismissing claim against DOCCS as barred by
the Eleventh Amendment).

Procedure.[2]  The plaintiff has failed to respond to the motion,

despite being granted an extension of time to respond by this

Court.  Therefore, the motion will be decided on the papers.

For the reasons explained below, the motion to dismiss is

**granted**.


                              **I.**

    The following facts are taken from the plaintiff's Second

Amended Complaint (the "Complaint") and are assumed to be true

for the purposes of this motion to dismiss.

    In January 2012, the plaintiff was a state prisoner in

DOCCS custody, incarcerated at the Green Haven Correctional

Facility ("Green Haven").[3]  (Second Amended Complaint ("Compl.")

1-2, 4.)[4]  At approximately 9:15 p.m. on January 19, 2012, while

the plaintiff was walking through the six block yard, an

unidentified assailant stabbed the plaintiff from behind with a

sharp object.  (Compl. 2.)  When the plaintiff turned to defend

himself, he was stabbed again.  (Compl. 2.)  He alleges that

corrections officers, unnamed in this action, "did not notice"

---

[2] While the motion was originally made on behalf of defendants
Fischer and Lee, defendant Burnett was subsequently served and
joined the motion.  See Letter of Maria Hartofilis, dated March
13, 2013.
[3] The plaintiff is currently incarcerated at Upstate Correctional
Facility.  (Compl. 1.)
[4] Citations to the Complaint are to pages therein, not to
paragraphs.

the assault and failed to respond until five to seven minutes

after the attack began, despite the incident occurring near

three or four security posts.  (Compl. 2, 4.)  The plaintiff

further alleges that two of the security posts in the six block

yard were unmanned at the time of the attack.  (Compl. 4.)

The plaintiff was taken to the infirmary at Green Haven,

and was later transferred to an outside hospital where he

received nineteen stitches for his wounds.  (Compl. 2, 3.)  Upon

returning to Green Haven, the plaintiff was placed in the

facility hospital.  (Compl. 3.)  He was later placed in the

Special Housing Unit for five months.  (Compl. 3.)

The plaintiff filed a grievance on January 23, 2012, which

was denied.  (Compl. 3.)  The plaintiff then filed an appeal,

which was also denied.  (Compl. 3.)  It is unclear from the

Complaint whether the plaintiff took a final appeal to the

Central Office Review Committee.

The plaintiff then brought this action against the

Commissioner of Corrections as well as the Superintendant and a

Deputy Superintendant at Green Haven, none of whom are alleged

to have been present at the time of the incident.  The plaintiff

alleges that the defendants were negligent both in failing to

prevent the assault and in failing to notice and respond to the

assault in a timely manner.  (Compl. 4.)  The plaintiff also

alleges that the defendants violated the Eighth Amendment by

acting with gross negligence and deliberate indifference toward

his safety, and that the defendants knew of improper and

outdated security practices at Green Haven yet allowed such

practices to continue.  (Compl. 4.)

On November 29, 2012, the defendants filed a motion to

dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure.  The defendants argue the Complaint should be

dismissed in its entirety for the following reasons: (1) the

plaintiff did not exhaust his administrative remedies as

required by the Prison Litigation Reform Act, 42 U.S.C.

§ 1997e(a), (2) the plaintiff failed to state a valid Eighth

Amendment claim, (3) the plaintiff failed to allege the personal

involvement of the defendants, and (4) any state law claims are

barred by New York Corrections Law § 24.[5]  The notice of motion

proposed that the plaintiff reply by December 28, 2012.

Pursuant to Local Civil Rule 12.1, the defendants also

served the plaintiff a notice explaining that they had moved to

dismiss the Complaint and that the Court may treat the motion as

a motion for summary judgment because the defendants had

submitted additional written materials.  The notice advised the

plaintiff of the importance of the plaintiff's responding to the

motion to dismiss.  On January 10, 2013, this Court extended the

---

[5] The defendants also argue that the Complaint should be
dismissed on qualified immunity grounds. Because the motion is
granted on other grounds, it is unnecessary to reach this issue.

plaintiff's time to respond to January 28, 2013 and warned that if the plaintiff failed to respond by that date, the motion would be decided on the papers already filed.  The plaintiff has not filed a response to the motion.  Therefore, the motion will be decided based on the papers filed.


## II.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).  The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient."  Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).  The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a

court must accept as true all of the allegations contained in
the complaint is inapplicable to legal conclusions." Id.; see
also Pratt v. City of New York, No. 11 Civ. 8355, 2013 WL
979431, at *1 (S.D.N.Y. Mar. 14, 2013).

When presented with a motion to dismiss pursuant to Rule
12(b)(6), the Court may consider documents that are referenced
in the complaint, documents that the plaintiff relied on in
bringing suit and that are either in the plaintiff's possession
or that the plaintiff knew of when bringing suit, or matters of
which judicial notice may be taken. See Taylor v. Vt. Dep't of
Educ., 313 F.3d 768, 776 (2d Cir. 2002); Chambers v. Time
Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); Pratt, 2013 WL
979431 at *1.

When faced with a pro se complaint, the Court must
"construe [the] complaint liberally and interpret it to raise
the strongest arguments that it suggests." Chavis v. Chappius,
618 F.3d 162, 170 (2d Cir. 2010) (brackets and internal
quotation marks omitted). "Even in a pro se case, however . . .
threadbare recitals of the elements of a cause of action,
supported by mere conclusory statements, do not suffice." Id.
(internal quotation marks omitted). Thus, although the Court is
"obligated to draw the most favorable inferences" that the
complaint supports, it "cannot invent factual allegations that

6

[the plaintiff] has not pled."  Id.; see also Pratt, 2013 WL

979431 at *1.


                              **III.**

     The defendants first move to dismiss the Complaint due to

the plaintiff's failure to exhaust administrative remedies.

They argue that the plaintiff did not comply with the DOCCS'

Inmate Grievance Program ("IGP") and that this action is

therefore barred under the Prison Litigation Reform Act

("PLRA"), 42 U.S.C. § 1997e(a).  Subsection 1997e(a) provides

that "[n]o action shall be brought with respect to prison

conditions under section 1983 . . . by a prisoner confined in

any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted."  42

U.S.C. § 1997e(a).  The IGP provides three stages of

administrative review: (1) the inmate submits a grievance to the

Inmate Grievance Review Committee ("IGRC"), which comes to a

determination on the grievance, (2) the inmate may appeal the

IGRC's determination to the facility superintendant, and (3) the

inmate may appeal the superintendant's decision to the Central

Office Review Committee ("CORC").  N.Y. Comp. Codes R. & Regs.

tit. 7, § 701.5 (2012).  An inmate has not exhausted his

administrative remedies until he receives a final decision from

CORC regarding his grievance.  See, e.g., Peoples v. Fischer,

No. 11 Civ. 2694, 2012 WL 1575302, at *5 (S.D.N.Y. May 3, 2012).

Failure to exhaust "is an affirmative defense under the

PLRA, and . . . inmates are not required to specially plead or

demonstrate exhaustion in their complaints."  Jones v. Bock, 549

U.S. 199, 216 (2007).  Dismissal under Rule 12(b)(6) for non-

exhaustion is appropriate only if a plaintiff's failure to

exhaust is evident on the face of the complaint.  See id. at

215; compare Johnson v. Westchester Cnty. Dep't of Corr. Med.

Dep't, No. 10 Civ. 6309, 2011 WL 2946168, at *2 (S.D.N.Y. July

19, 2011) (denying a motion to dismiss when the complaint was

ambiguous about exhaustion), and Pratt, 2013 WL 979431 at *3

(same), with Martin v. City of New York, No. 11 Civ. 600, 2012

WL 1392648, at *6 (S.D.N.Y. Apr. 20, 2012) (dismissing the

complaint for failure to exhaust when the complaint noted the

plaintiff had not filed a grievance).

In this case, the Complaint does not establish that the

plaintiff failed to comply with the IGP.  The Complaint alleges

that "[t]he plaintiff filed a grievance on January 23rd.  It was

denied [and the] plaintiff filed [an] appeal [which] was

denied."  (Compl. 3.)  The Complaint contains no reference to

CORC, and thus it is unclear whether the plaintiff fully grieved

his claim pursuant to the IGP.  However, ambiguity is not a

valid basis for dismissal under Jones, which does not require

that the plaintiff demonstrate exhaustion in the complaint.   549

U.S. at 216; see also Pratt, 2013 WL 979431 at *3-4.   Therefore,

the motion to dismiss on the grounds of non-exhaustion is

denied.

     The defendants submitted an affidavit from Jeffrey Hale,

Assistant Director for the IGP at DOCCS, purportedly showing a

lack of closed grievances filed by the plaintiff.   (Hale Aff.

Ex. A.)   However, the affidavit is outside of the pleadings and

will not be considered.   A district court has two options when

presented with matters outside the pleadings in conjunction with

a Rule 12(b)(6) motion: "[1] the court may exclude the

additional material and decide the motion on the complaint alone

or [2] it may convert the motion to one for summary judgment

under [Rule] 56 and afford all parties the opportunity to

present supporting material."   Fonte v. Bd. of Managers of

Cont'l Towers Condo., 848 F.2d 24, 25 (2d Cir. 1988) (internal

citations omitted); see also Fed. R. Civ. P. 12(d); Pratt, 2013

WL 979431 at *3.

     If the motion were treated as a motion for summary

judgment, the parties would be entitled to an opportunity to

take any relevant discovery and submit additional relevant

evidence, but the parties have not yet been allowed such an

opportunity.   See Hernández v. Coffey, 582 F.3d 303, 309 (2d

Cir. 2009); Pratt, 2013 WL 979431 at *3.   Because the Complaint

will be dismissed on other grounds, it is unnecessary to convert
the motion into a motion for summary judgment and provide the
opportunity for additional submissions and any necessary
discovery.  Because the Complaint is ambiguous on exhaustion,
the defendants' motion to dismiss on the basis of failure to
exhaust administrative remedies is denied.  See Pratt, 2013 WL
979431 at *4.


                                **IV.**

     The defendants next argue that the Complaint fails to
allege sufficient facts to state a claim for a violation of the
Eighth Amendment or the personal involvement of the defendants.


                                **A.**

     The plaintiff has failed to allege sufficient facts to
establish an underlying violation of the Eighth Amendment.
While the Eighth Amendment does not require "comfortable
prisons," it does require that prison officials "must 'take
reasonable measures to guarantee the safety of the inmates
. . . .'"  Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting
Hudson v. Palmer, 468 U.S. 517, 527 (1984)); see also Gaston v.
Coughlin, 249 F.3d 156, 164 (2d Cir. 2001).  However, not "every
injury suffered by one prisoner at the hands of another . . .
translates into constitutional liability for prison officials"

at a facility.  Farmer, 511 U.S. at 834; see also Gaston, 249 F.3d at 164.  Instead, the failure to protect an inmate only violates the constitution when prison officials act with "deliberate indifference."  Farmer, 511 U.S. at 834; see also Gaston, 249 F.3d at 164.

The deliberate indifference standard "embodies both an objective and a subjective prong."  Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).  Objectively, the deprivation must be "sufficiently serious," meaning the prison conditions posed "a substantial risk of serious harm."  Farmer, 511 U.S. at 834; Hathaway, 99 F.3d at 553.  Subjectively, the prison official must act with a "sufficiently culpable state of mind."  Farmer, 511 U.S. at 834; Hathaway, 99 F.3d at 553.  Such culpability exists when an official "has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm."  Hayes v. N.Y.C. Dep't of Corr., 84 F.3d 614, 620 (2d Cir. 1996) (citing Farmer, 511 U.S. at 847).  The plaintiff "must allege actions or omissions sufficient to demonstrate deliberate indifference; mere negligence will not suffice."  Hayes, 84 F.3d at 620.

In this case, it is unnecessary to decide whether the

plaintiff has satisfied the objective prong[6] of Farmer because he

has failed to satisfy the subjective prong.  See Lee v. Artuz,

No. 96 Civ. 8604, 2000 WL 231083, at *5 (S.D.N.Y. Feb. 29,

2000).  For a plaintiff to state a claim for deliberate

indifference based on a failure to protect him, he must allege

that corrections officers knew of and disregarded a particular

risk to his safety.  Zimmerman v. Macomber, No. 95 Civ. 0882,

2001 WL 946383, at *5 (S.D.N.Y. Aug. 21, 2001).  "Courts

routinely deny deliberate indifference claims based upon

surprise attacks."  Id.  The plaintiff must allege that the

defendants knew of a prior altercation between the plaintiff and

his attacker, or of threats that had been made against the

plaintiff.  Fernandez v. N.Y.C. Dep't of Corr., No. 08 Civ.

4294, 2010 WL 1222017, at *4 (S.D.N.Y. Mar. 29, 2010).

Here, the Complaint does not allege that the defendants

knew of any threats made against the plaintiff or that the

---

[6] The plaintiff alleges that he was stabbed several times and
required off-site medical care including nineteen stitches.  It
is unclear whether such a serious injury itself is enough to
satisfy the objective prong of Farmer.  (Compl. 2-3.)  Compare
Coronado v. Goord, No. 99 Civ. 1674, 2000 WL 1372834, at *3
(S.D.N.Y. Sept. 25, 2000) (allegations that the plaintiff
suffered stab wounds "serious enough to justify transporting
[him] to an off-site hospital" satisfied the objective prong)
with Dublin v. N.Y.C. Law Dep't, No. 10 Civ. 2971, 2012 WL
4471306, at *5 (S.D.N.Y. Sept. 26, 2012) (holding that the
plaintiff must allege prior incidents or threats to demonstrate
a substantial risk of harm).

plaintiff had been involved in any prior altercations.

Moreover, the fact that the plaintiff claims he is unaware of

the identity of his attacker makes it implausible to infer that

the defendants had any particular knowledge of the risk the

plaintiff faced.  (Compl. 2.)  Because the plaintiff has alleged

no facts suggesting that any of the defendants knew of a

particular risk to the plaintiff's safety, the plaintiff has

failed to state a claim that any of the defendants was

deliberately indifferent in failing to protect him from the

surprise attack.  See Fernandez, 2010 WL 1222017 at *4;

Zimmerman, 2001 WL 946383 at *5.

A plaintiff may also state a claim for deliberate

indifference based on a failure to protect him against a general

risk of harm to all inmates at the facility.  To do so, a

plaintiff must allege that the defendants knew of a history of

prior inmate-on-inmate attacks similar to the one suffered by

the plaintiff and that the measures they should have taken in

response to such prior attacks would have prevented the attack

on the plaintiff.  See Coronado v. Goord, No. 99 Civ. 1674, 2000

WL 1372834, at *6 (S.D.N.Y. Sept. 25, 2000).

In this case, the Complaint fails to allege that there is a

history of serious inmate-on-inmate assaults in the six block

yard, that the defendants knew of any such history, or that such

prior assaults were similar enough to the attack he suffered

13

that remedial actions would have prevented that attack.
Therefore, the plaintiff has failed to allege sufficient facts
to state a claim that the defendants were deliberately
indifferent in failing to protect him against a general risk of
harm.  See Coronado, 2000 WL 1372834 at *6.

The plaintiff argues that the defendants were negligent
because prison officials in the six block yard left certain
security posts unmanned and failed to notice the ongoing assault
for several minutes.  (Compl. 4.)  This claim of mere negligence
is insufficient to allege a violation of the Eighth Amendment.
See Hayes, 84 F.3d at 620.  The allegations do not suggest that
the officials knew of and disregarded a risk to the plaintiff.
In fact, by alleging that officers did "not notice the incident
for several minutes," the plaintiff acknowledges that they
lacked actual knowledge of the assault before they intervened.
(Compl. 4).  The plaintiff has thus failed to allege sufficient
facts to support a claim that officials acted with deliberate
indifference in failing to notice or respond promptly to the
alleged assault.  See Fernandez, 2010 WL 1222017 at *4.

Because the plaintiff has failed to allege sufficient facts
in support of the conclusion that any of the defendants acted
with deliberate indifference to his safety, the plaintiff has
failed to state a claim for violation of the Eighth Amendment.

**B.**

Moreover, the plaintiff has also failed to allege sufficient personal involvement by the named supervisory defendants to establish liability under 42 U.S.C. § 1983. "There is no respondeat superior liability in § 1983 cases." Green v. Bauvi, 46 F.3d 189, 194 (2d Cir. 1995) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). "[M]ere linkage in the prison chain of command is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim." Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003) (internal quotation marks omitted). Instead, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. "A supervisory official personally participates in challenged conduct not only by direct participation, but by (1) failing to take corrective action; (2) creation of a policy or custom fostering the conduct; [or] (3) grossly negligent supervision, or deliberate indifference to the rights of others." Rolon v. Ward, 345 F. App'x 608, 611 (2d Cir. 2009) (summary order).

A plaintiff must allege sufficient facts to support a conclusion of supervisory liability. Williams v. New York City, No. 03 Civ. 3543, 2005 WL 1084585, at *7 (S.D.N.Y. July 15, 2005). "[C]onclusory, unsupported allegations [of gross

15

negligence or the existence of a policy] are simply insufficient to establish liability" of supervisory prison officials under § 1983.  <u>Mendoza v. McGinnis</u>, No. 9:05 Civ. 1124, 2008 WL 4239760, at *7 (N.D.N.Y. Sept. 11, 2008).  Allegations involving only a single incident are generally insufficient to demonstrate the existence of an official policy or custom for purposes of establishing personal involvement under § 1983.  <u>Strano v. City of New York</u>, No. 97 Civ. 0387, 1998 WL 338097, at *5 (S.D.N.Y. June 24, 1998).  "[A]llegations as to defendants' knowledge of alleged constitutional violations [are] insufficient to impose supervisory liability" under § 1983 unless accompanied by allegations that the defendants had direct responsibility for monitoring the alleged violation or that there had been a "history of previous episodes" putting the defendants on notice of the problem.  <u>Candelaria v. Coughlin</u>, No. 91 Civ. 1117, 1991 WL 113711, at *2 (S.D.N.Y. June 11, 1991) (citations omitted).

The plaintiff alleges that the defendants allowed inadequate security practices to exist at Green Haven.[7]  (Compl. 4.)  Specifically, the plaintiff alleges that some of the

---

[7] None of the defendants are referenced in the Complaint's statement of facts.  (Compl. 2-3.)  The section of the Complaint listing causes of action refers to the "defendants" as a group and also alleges that "the Superintendant allow[ed] improper security practices to continue at Green Haven" and that "the Commissioner of Corrections [was] well aware of the security breaches" at Green Haven.  (Compl. 4.)  Deputy Superintendant Burnett is not referred to in either section of the Complaint.

16

security posts in the six block yard were unmanned at the time

of the assault.  However, the Complaint fails to allege facts in

support of the conclusion that only manning some of the security

posts in the yard was grossly negligent.  See Williams, 2005 WL

1084585 at *7.  Furthermore, the Complaint does not allege that

the security posts were routinely left unmanned, only that they

were unmanned at the time of the incident.  This fails to

demonstrate that a policy or custom of inadequate security

practices was in place at Green Haven.  See Strano, 1998 WL

338097 at *5.  The Complaint alleges that the defendants were

aware of the alleged security flaw, but fails to allege that any

of the defendants had "direct responsibility" for ensuring those

posts were manned.  See Candelaria, 1991 WL 113711 at *2.  The

Complaint further fails to allege that there was "a history of

prior episodes" requiring the defendants to remedy the alleged

problem of unmanned posts.  See id.  The Complaint's conclusory

statements are insufficient to demonstrate the personal

involvement of any of the supervisory defendants named in this

case.  See Mendoza, 2008 WL 4239760 at *7.  Therefore, the

plaintiff has failed to allege personal involvement by any of

the individual defendants in an alleged Eighth Amendment

violation.

**V.**

The defendants argue that the plaintiff's state law claims must be dismissed pursuant to New York Corrections Law § 24. A federal court exercising supplemental jurisdiction over state law claims must apply the substantive law of the state. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); see also Blanche v. Pirelli, No. 08 Civ. 4752, 2009 WL 2499737, at *8 (S.D.N.Y. Aug. 7, 2009).

Section 24 provides immunity for DOCCS employees from lawsuits based on acts or omissions within the course of their employment, and requires that such actions be brought in the New York Court of Claims as a claim against the state. N.Y. Correct. Law § 24; see also Ierardi v. Sisco, 119 F.3d 183, 186-87 (2d Cir. 1997). Section 24 is not a bar to claims against corrections officers and employees under § 1983. See Haywood v. Drown, 556 U.S. 729, 740-41 (2009). However, it does provide immunity for claims under state laws. "Such immunity is available whether the action is pursued in a state court or, under pendent jurisdiction, in a federal court." Ierardi, 119 F.3d at 187. District courts should dismiss such claims for lack of subject matter jurisdiction. Baker v. Coughlin, 77 F.3d 12, 15-16 (2d Cir. 1996); see also Blanche, 2009 WL 2499737 at *8; Joy v. New York, No. 5:09 Civ. 841, 2010 WL 3909694, at *4-5 (N.D.N.Y. Sept. 30, 2010) (collecting cases).

18

The plaintiff's state law claims against the defendants arise from acts or omissions within the scope of their employment at DOCCS.  Thus, under New York law, the plaintiff's common law claims are dismissed for lack of subject matter jurisdiction.  See <u>Baker</u>, 77 F.3d at 16; <u>Blanche</u>, 2009 WL 2499737 at *8; <u>Joy</u>, 2010 WL 3909694 at *4-5.


## CONCLUSION

The Court has considered all of the arguments of the parties.  To the extent not specifically addressed above, the remaining arguments are either moot or without merit.  For the foregoing reasons, the defendants' motion to dismiss the plaintiff's federal claims is **granted** and those claims are dismissed.  The Court lacks jurisdiction over the plaintiff's state law claims and those claims are dismissed without prejudice.  **The Clerk is directed to enter judgment dismissing this case.**

**SO ORDERED.**

Dated:    New York, New York
          May 22, 2013                    _____/s/_____

                                            John G. Koeltl
                                      United States District Judge